UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM ROSS PEHRINGER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF IDAHO and JASON D. SCOTT,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00100-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Adam Ross Pehringer's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.　　Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility"
standard is met when a complaint contains "factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are
not required, but a plaintiff must offer "more than ... unadorned, the-defendant-
unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

    If the facts pleaded are "merely consistent with a defendant's liability," or if
there is an "obvious alternative explanation" that would not result in liability, the
complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678,
682 (internal quotation marks omitted). Bare allegations that amount to a mere
restatement of the elements of a cause of action, without adequate factual support,
are not enough.

    The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review
complaints filed by prisoners seeking relief against a governmental entity or an
officer or employee of a governmental entity, as well as complaints filed in forma
pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

§§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the

complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the exhibits attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho Maximum Security Institution. Plaintiff alleges that, in his state court criminal case, he was improperly denied credit for time served. Plaintiff sues the State of Idaho and Fourth District Judge Jason D. Scott.

## 3.    Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

## A.      *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### i.      Plaintiff's Claims Appear Barred by *Heck v. Humphrey*

It is well-established that a § 1983 claim is not cognizable—meaning that it cannot be maintained—if the plaintiff's success on that claim would "render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Pursuant to *Heck*, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that

action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Success on Plaintiff's claims—that his sentence is based on an incorrect calculation of credit for time served—would necessarily imply that the length of his sentence is invalid. Thus, Plaintiff's claims appear subject to dismissal under *Heck*.

There is an exception to the *Heck* bar that applies when *formerly* incarcerated plaintiffs are seeking to challenge the denial of credit for time served. *See Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002). In *Nonette*, the Ninth Circuit held that "the unavailability of a remedy in habeas corpus because of mootness" allows a § 1983 plaintiff to maintain a damages action, "even though success in that action would imply the invalidity of the disciplinary proceeding that caused revocation of his good-time credits." *Id*. at 876.

However, the limited exception recognized in *Nonnette* affects only *former* prisoners challenging loss of good-time credits or similar matters. Further,

> even where a plaintiff had no practical opportunity to pursue federal habeas relief while detained because of the short duration of his confinement, *Heck* bars a § 1983 action that would imply the invalidity of a prior conviction if the plaintiff could have sought invalidation of the underlying conviction via direct appeal or state post-conviction relief, but did not do so.

*Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

The *Nonette* exception to *Heck* does not apply here because Plaintiff is still incarcerated on the sentence he seeks to challenge—that is, habeas remains available to him as a remedy.[2] Accordingly, Plaintiff's civil rights claims are implausible under *Heck*.

Courts have discretion to construe a civil rights action as a habeas corpus action. *See McDonald v. Bates*, 23 F. App'x 828 (9th Cir. 2001) (unpublished); *see also Galligher v. McCarthy*, 470 F.2d 740, 741 (9th Cir. 1972). However, the Court declines to do so in this case, as Plaintiff already has a pending habeas corpus case. *See Pehringer v. Tewalt*, Case No. 1:21-cv-00515-CWD (D. Idaho) (filed December 29, 2021). If Plaintiff intends to pursue his time-served claim, he should do so in that case.

### ii.   The Only Named Defendants Are Immune from Suit

Even if Plaintiff's claims are not barred by *Heck*, they are still implausible. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979). Nor has Idaho itself waived its sovereign

---

[2] The Court notes that Plaintiff currently has a petition for writ of habeas corpus pending in this Court. *See Pehringer v. Tewalt*, 1:21-cv-00515-CWD (D. Idaho, filed Dec. 29, 2021).

immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012). Therefore, Plaintiff should omit the State of Idaho from any amended complaint.[3]

Judge Scott is also immune from suit. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). To determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

---

[3] Plaintiff's claims against the State of Idaho are implausible for the additional reason that a state is not considered a "person" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

If a judge was acting in a judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal citations omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, judicial immunity is not lost even if the judge conspired with a prosecutor "to predetermine the outcome of a judicial proceeding." *Ashelman*, 793 F.2d at 1078.

Here, Plaintiff claims that the Judge Scott improperly denied him credit for time served. Denying such credit is undoubtedly an act undertaken in a judicial capacity. Accordingly, Plaintiff's claims against Judge Scott are implausible.

### B.    *Potential State Law Claims*

Plaintiff purports to assert state law claims, though Plaintiff does not identify those claims. *See Compl*. at 1. Any state law claims appear subject to dismissal for the same reasons as Plaintiff's § 1983 claims. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over state law claims in any event. *See* 28 U.S.C. § 1367.

4.    **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how

the actions complained of have resulted in a deprivation of Plaintiff's constitutional

rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other*

*grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a

sufficient causal connection between each defendant's actions and the claimed

deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978). "Vague and conclusory allegations of official participation in civil

rights violations are not sufficient to withstand a motion to dismiss" or to survive

screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of*

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor

does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state

the following: (1) the name of the person or entity that caused the alleged

deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a

state actor (such as state employment or a state contract) or a private entity

performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional or statutory provision Plaintiff

alleges has been violated; (6) facts alleging that the elements of the violation are

met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular

type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must

include facts showing that his claims are not barred by *Heck v. Humphrey* and that

the defendants are not immune from suit.

Further, any amended complaint must contain all of Plaintiff's allegations in

a single pleading and cannot rely upon, attach, or incorporate by reference other

pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must

reproduce the entire pleading as amended. The proposed amended pleading must

be submitted at the time of filing a motion to amend."); *see also Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint

supersedes the original, the latter being treated thereafter as non-existent."),

*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896,

(9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*.,

896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by

entering judgment against a party named in the initial complaint, but not in the

amended complaint).

Plaintiff must set forth each different factual allegation in a separate

numbered paragraph. The amended complaint must be legibly written or typed in

its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.   The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

2.    If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon relief may be granted, failure to prosecute, or failure to comply with a Court order.

3.    Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 3, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

_____

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).